## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRY A. MCCLUNG, on her own behalf and on behalf of all others similarly situated, | § § § | |
| V. | § § | CIVIL ACTION NO._____ |
| SUSAN COMBS, in her official capcacity as Texas Comptroller of Public Accounts AND THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | § § § § § | |

## ORIGINAL COMPLAINT

Sherry A. McClung ("Plaintiff") files this Complaint against Susan Combs ("Combs"), the Texas Comptroller of Public Accounts and the Texas Comptroller of Public Accounts ("Defendants") and would respectfully show:

### I.
### INTRODUCTION

1.     This is a class action for damages for violations of the Administrative Procedures Act, the Privacy Act of 1974, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.  Plaintiff additionally seeks damages for violations of Chapter 552 of the Texas Government Code and Article I Sections Nine and Twenty-Five of the Texas Constitution.

2.     Plaintiff seeks to represent approximately 3.5 million individuals who are employees and former employees of the State of Texas who have suffered actual pecuniary damages, including costs associated with protecting their identities and financial security, who have also suffered emotional trauma, been placed in fear of identity theft, destruction of credit and financial fraud, and who have had their private personal information compromised, because of Defendants' intentional, willful and reckless disregard for the security and privacy of these citizens' basic personal information.

3.      Defendants failed to properly perform their duties and did not protect the privacy rights of Plaintiff and the other class members and failed to institute and enforce procedures mandated by law for the protection of private personal information.

4.      Defendants compounded their disregard for privacy rights by recklessly failing to make even the most rudimentary effort to safeguard this trove of personally identifiable information from unauthorized disclosure.   In fact, the information was unencrypted, easily copied, and, apparently, available to anyone aware of its existence.  Defendants' failures allowed millions of citizens' private information to be compromised and disclosed to unknown individuals for unknown purposes.

5.      Defendants improperly, unlawfully, willfully, and intentionally disclosed the private and personal information of Plaintiff and the Class by posting the Social Security numbers, dates of birth and driver's license numbers of these individuals on Defendants' website.   Defendants' reckless disregard of the privacy rights of the Class inflicted serious harm and will continue to inflict real costs and emotional pain and suffering on Plaintiff and every other member of the class, and their families, whose identities and other personal and private information have been compromised.

## II.
## PARTIES

6.      The Plaintiff is Sherry A. McClung.  Ms. McClung is a teacher in the Lufkin ISD and is one of approximately 3.5 million individuals whose private information was placed on the Comptroller's server and was accessible to the general public.

7.      Defendant Susan Combs is the Texas Comptroller of Public Accounts.

8.      Defendant the Texas Comptroller of Public Accounts is a State Agency.

9.

## III.
## VENUE

9.    Venue is proper under 28 U.S.C. § 1391(b), because Defendants resides in this District and a substantial part of the events or omissions giving rise to this claim occurred in this District. Upon information and belief members of the Class reside in this District as well.

## IV.
## JURISDICTION

10.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.   Specifically, this controversy involves the interpretation of the Administrative Procedures Act, the Privacy Act of 1974, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.   Additionally, this Court has pendent jurisdiction over the state causes of action alleged by Plaintiff. 28 U.S.C. § 1367; *Finley v. United States*, 490 U.S. 545, 548 (1989).

## V.
## FACTS

11.    On March 31, 2011 the Comptroller discovered that unencrypted personal information of 3.5 million employees and former of employees of the State of Texas had been posted on a server to which the public had access. The Comptroller issued a press release on April 11, 2011 acknowledging the disclosure of this information.

12.    The Texas Retirement System of Texas transferred data of 1.2 million education employees and retirees to the Comptroller in January 2010. The Texas Workforce Comission transferred the records of about 2 million individuals in April 2010.  Finally, the Employees Retirement System of Texas transferred data concerning approximately 281,000 employees and retirees in May 2010.

13.     The Comptroller contends the data files were not encrypted as required by Texas administrative rules established for agencies. Regardless, the Comptroller admits that personnel in the Comptroller's office incorrectly allowed exposure of the data. According to the press release issued by the Comptroller:

> "[s]everal internal procedures were not followed, leading to the information being placed on a server accessible to the public and then being left on the server for a long period of time without being purged as required by internal procedures."

The Comptroller alleges that she finally sealed off access to this information on March 31, 2011.

14.     The Comptroller flagrantly disregarded the privacy of Plaintiff and the Class and caused them adverse effects by failing to observe the procedures required by law for disclosure of private information, including the personal information, without the prior written consent of the affected individuals.

15.     The Comptroller flagrantly disregarded the privacy of Plaintiff and the Class and caused them adverse effects by disclosing, or allowing disclosure of, the personal information to officials and employees who did not have a need for such records and information in performance of their duties.

16.     The Comptroller flagrantly disregarded the privacy of Plaintiff and the Class and caused them adverse effects by failing to keep or maintain an accurate accounting of the disclosures of the personal information.

17.     The unauthorized and unconsented disclosure of an individual's name, address, date of birth, and Social Security number creates a substantial risk of identity theft and an invasion of privacy. An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address, date of birth and Social Security number, an identity thief is able

4

to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly.

18.     Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

19.     As a direct and proximate result of Defendants' acts and omissions, the Class has been exposed to a risk of substantial harm and inconvenience, and has incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit.

20.     Defendants were ultimately responsible for the control, direction, and management of the Comptroller's processes, policies, and procedures for compliance with the Privacy Act of 1974 and other privacy laws, rules and regulations, but failed to ensure those processes, policies, and procedures were adequately implemented by their subordinates.  Defendants knew, or should have known that the Comptroller had long-standing information security deficiencies that threatened the privacy rights of the Plaintiff and the Class, but they did not ensure correction or mitigation of those deficiencies.

21.     Defendants flagrantly disregarded the privacy rights of Plaintiff and the Class and caused them adverse effects by failing to establish and ensure lawful compliance by their subordinates with appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was disclosed.

22.     Each of Defendants' failures complained of caused adverse effects to the Class including, but not limited to, embarrassment, inconvenience, unfairness, mental distress, emotional trauma,

pecuniary damages and the threat of current and future substantial harm from identity theft. The real threat of identity theft and similar adverse effects of the Comptroller's actions and violations requires affirmative actions by the Class to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining credit watch services, and closing financial accounts. The Class has, and will continue to, suffer tangible and intangible damages for the foreseeable future.

## VI.
## CLASS ACTION ALLEGATIONS

23.    This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)-(3).

24.    The Class consists of all persons who have been adversely effected by Defendants' violations of the privacy of class members' personal and private identifying information.

25.    This action is properly maintainable as a class action for the following reasons:

a.    The Class is so numerous that joinder of all members is impracticable. The class size is approximately 3.5 million, which is the number of individuals whose unencrypted information Defendants admit was placed on their server and made accessible to the general public.

b.    Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underling action and relief sought.

c.    Plaintiff is committed to the vigorous prosecution of this action and has retained qualified and experienced counsel to represent the Class. Plaintiff's counsel are familiar with class litigation. Plaintiff's claims are typical of the claims of other members of the Class and Plaintiff has no interest that is adverse or antagonistic to the interests of the Class. Plaintiff is an

employee of the Lufkin ISD who had her personal information improperly maintained and disclosed by Defendants.

       d.      Class representative Sherry A. McClung will fairly and adequately protect the interests of the Class.

       e.      There are substantial questions of fact and law common to all class members. The issues raised include whether Defendants acted or failed to act commensurate with their duties to protect the personal, private and confidential information of Plaintiff and class members, whether such conduct violated their privacy and other laws, whether said violations were willful, wanton and/or reckless and whether such conduct gives rise to the various forms of relief requested and/or damages.  The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

       f.      The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

       g.      Defendants' liability for damages can be established by facts and circumstances common to the Class as a whole and do not require the examination of Plaintiff's individual circumstances.

       h.      Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

       i.      A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy, because the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions and because concentrating the litigation in this Court is appropriate to ensure consistent and efficient

resolution of the legal and constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future.

## FIRST CLAIM FOR RELIEF

26.     Plaintiff reasserts the allegations set forth in paragraphs 1-25 and incorporates them by reference into this First Claim for Relief.

27.     Defendants possess personal information of Plaintiff and millions of other employees and retired employees of the state of Texas.   The Comptroller has repeatedly demonstrated an inability or unwillingness to implement, or callous disregard for, fundamental procedures to provide minimally acceptable safeguards for the personal and private information in its possession.

28.     Defendant Combs is ultimately responsible in her official capacity for safeguarding citizens' private information under Comptroller control pursuant to applicable laws, including the Privacy Act of 1974 and the Administrative Procedures Act, but has been unable or unwilling to require compliance with those laws.

29.     Defendants' actions and inactions in failing to safeguard Plaintiff's private information was arbitrary, capricious, and otherwise not in accordance with the law.

30.     Plaintiff suffered, and continues to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

31.     The Class is entitled to monetary and equitable relief as a result for Defendants' violation of Plaintiff's rights.

32.     The foregoing acts and omissions of the Comptroller constitute an unauthorized, nonconsensual, and inappropriate disclosure of Social Security numbers of the Class in violation of 5 U.S.C. § 552a(b).

## SECOND CLAIM FOR RELIEF

33. Plaintiff reasserts the allegations set forth in paragraphs 1-32 and incorporates them by reference into this Second Claim for Relief.

34. The foregoing acts and omissions of Defendants constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of records and to protect against known and anticipated threats of hazards to the security and integrity of the private personal records of the Class in violation of 5 U.S.C. § 552a(e)(10).

## THIRD CLAIM FOR RELIEF

35. Plaintiff reasserts the allegations set forth in paragraphs 1-34 and incorporates them by reference into this Third Claim for Relief.

36. The foregoing acts and omissions of Defendants constitute a violation of the right to privacy and personal security of the Class in their Social Security numbers and private information under the Fourth and Fifth Amendments of the United States Constitution.

## FOURTH CLAIM FOR RELIEF

37. Plaintiff reasserts the allegations set forth in paragraphs 1-36 and incorporates them by reference into this Fourth Claim for Relief.

38. The foregoing acts and omissions of Defendants constitute a violation of the right to privacy and personal security of the Class in their Social Security numbers and private information under Texas Government Code Sections 552.147 and 552.352.

## FIFTH CLAIM FOR RELIEF

39. Plaintiff reasserts the allegations set forth in paragraphs 1-38 and incorporates them by reference into this Fifth Claim for Relief.

40.   The foregoing acts and omissions of Defendants constitute a violation of the right to privacy and personal security of the Class in their Social Security numbers and private information under the Texas Constitution Article I §§ 9 and 25.

## VII.
## PRAYER

41.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court grant Plaintiff and the Class damages in the amount of $1,000 for each individual who was adversely affected by the Defendants actions, actual damages, consequential damages, costs and reasonable attorneys' fees and all other relief at law or in equity, to which she is justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND**

/s/ Muhammad S. Aziz
RANDALL O. SORRELS
State Bar No. 18855350
Federal Bar No. 11115
MUHAMMAD S. AZIZ
State Bar No. 24043538
Federal Bar No. 868540
KARL P. LONG
State Bar No. 24070162
Federal Bar No. 1129992
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile:  (713) 225-0827

**ATTORNEYS FOR PLAINTIFF**